UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JUDITH S.,

               Plaintiff,

        v.                                  **DECISION AND ORDER**
                                                           20-CV-812S

COMMISSIONER OF SOCIAL SECURITY,

               Defendant.

_____

       1.      Plaintiff Judith S.[1] challenges the determination of an Administrative Law Judge ("ALJ") that she is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that she has been disabled since March 5, 2016, due to a variety of physical conditions relating mostly to her back and history of strokes. Plaintiff maintains that she is entitled to disability benefits because her impairments render her unable to work.

       2.      Plaintiff filed an application for disability benefits on April 11, 2016. After denial at the agency level, Plaintiff proceeded to a video hearing, which took place before ALJ Eric Eklund on July 31, 2018. At the time of the hearing, Plaintiff was 55 years old, with at least a high school education, and had past relevant work as a deputy sheriff and county court officer. The ALJ considered the case *de novo* and, on October 31, 2018, issued a written decision denying Plaintiff's application for benefits. The Appeals Council thereafter denied Plaintiff's request for review on April 29, 2020.

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

3.      Plaintiff filed the current action on June 29, 2020, challenging the Commissioner's final decision.[2]  After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on August 13, 2021.  (Docket Nos. 8, 10, 12, 13.)  The Clerk of Court thereafter assigned the case here on October 6, 2021, at which time this Court took the motions under advisement without oral argument.  (Docket No. 14.)  For the following reasons, Plaintiff's motion will be denied, and Defendant's motion will be granted.

4.      A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law."  Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted).  In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing."  42 U.S.C. § 405 (g).

5.      A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled.  See 42 U.S.C. § 405 (g); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990).  Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial evidence.  See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the

---

[2] The ALJ's October 31, 2018 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence.").  In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).  Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

6.      As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act."  Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted).  "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations."  Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted).  This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7.      As it relates to the substantial-evidence inquiry, the standard is not high.  See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019).  The United States Supreme Court defines substantial evidence as only "more than a mere

scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).   Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. § 405 (g), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position.   See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports the ALJ's decision'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).   This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8.     "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight."   Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).   If supported by substantial evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]."   Rosado v. Sullivan, 805

F. Supp. 147, 153 (S.D.N.Y. 1992).  Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982).  In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'"  Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9.     The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act.  See 20 C.F.R. § 404.1520.  The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10.     The five-step process is as follows:

First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity.  If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities.  If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations.  If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original);

see also 20 C.F.R. § 404.1520; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11.    The claimant has the burden of proof on the first four steps; the
Commissioner has the burden of proof on the fifth step.  See Bowen, 482 U.S. at 146 n.5;
Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).   The fifth step is divided into two
parts.    First,  the  Commissioner  must  assess  the  claimant's  job  qualifications  by
considering his or her physical ability, age, education, and work experience.  Second, the
Commissioner must determine whether jobs exist in the national economy that a person
having  the  claimant's  qualifications  could  perform.   See  42  U.S.C. § 423 (d)(2)(A);  20
C.F.R. § 404.1520 (f); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76
L. Ed. 2d 66 (1983).

12.    In this case, the ALJ found the following with regard to the five-step process
set forth above: (1) Plaintiff has not engaged in substantial gainful activity since March 5,
2016, the alleged onset date (R. at 15[3]); (2) Plaintiff had multiple severe impairments
within the meaning of the Act[4] (R. at 15-16); (3) Plaintiff does not have an impairment or

---

[3] Citations to the underlying administrative record are designated as "R."

[4] The ALJ found that Plaintiff had the following severe impairments:

> history of transient ischemic attacks (TIA) and status post cerebral infarct;
> lumbar and cervical degenerative disc disease, such as moderate cervical
> spondylosis, foramina stenosis with radiculopathy, T12-L1 moderate disc
> bulge with facet arthropathy, L1-2 moderate left protrusion, low grade disc
> bulge with mild facet arthropathy with left stenosis and minimal foramina
> narrowing, L2-3 large protrusion with facet arthropathy resulting in
> moderate to severe left foramina stenosis, moderate right neural foramina
> canal stenosis, L3-4 annular fissure causing moderate foramina stenosis,
> disc bulge with facet arthropathy causing mild foramina stenosis, L4-5
> severe degenerative disc disease with bulge, moderate facet arthropathy,
> causing mild to moderate foramina stenosis, extrusion abuting [sic] and
> compressing the left L5 nerve roots and causing severe stenosis, L5-S1
> severe disc loss with bulge and prominent bilateral osteophytes, and
> moderate hypertrophic facet arthropathy; and obesity.

combination of impairments that meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 16-17); (4) Plaintiff retained the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567 (b), with certain exceptions[5] (R. at 17-23); (5) Plaintiff could perform her past relevant work as a county court officer (R. at 23); and, alternatively, (6) Plaintiff could perform jobs that exist in significant number in the national economy (R. at 23-24).  Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from March 5, 2016, through October 31, 2018, the date of the decision.  (R. at 13, 24.)

13.    Plaintiff challenges the ALJ's consideration of the medical opinion evidence and his RFC determination.  Plaintiff first argues that the ALJ failed to properly evaluate the opinions of Hongbiao Liu, M.D., and J. Quinlan, M.D.  Second, Plaintiff maintains that the RFC determination is not supported by substantial evidence because it lacks foundation in medical opinion evidence and is inconsistent with Plaintiff's medical records and hearing testimony.  In response, the Commissioner argues that the ALJ's decision is supported by substantial evidence and free from legal error and should therefore be affirmed.  This Court agrees with the Commissioner.

14.    Plaintiff first argues that the ALJ erred by relying on the opinions of Drs. Liu and Quinlan, two consultative medical examiners.  In particular, Plaintiff contends that Dr. Liu's opinion was stale and silent as to Plaintiff's tolerance for sitting and standing, and

_____

(R. at 15.)

[5] The ALJ found that Plaintiff could perform light work except that she can never crawl or climb ladders, ropes, and scaffolds; can tolerate no more than occasional climbing of ramps or stairs, balancing, stooping, kneeling, and crouching; can tolerate only occasional foot control operations, but must avoid exposure to excessive vibration, moving machinery in the work, and unprotected heights; and can never drive in the work setting.  (R. at 17.)

that Dr. Quinlan's opinion was inconsistent with an ability to perform light work.  These arguments are unpersuasive.

15.     For claims filed before March 27, 2017, such as this one, the Commissioner evaluates medical opinion evidence under the framework set forth in 20 C.F.R. § 404.1527.[6]  Under that framework, the Commissioner is required to evaluate and consider every medical opinion submitted, together with the rest of the relevant evidence.  See 20 C.F.R. § 404.1527 (b) and (c).  To determine what weight to afford a medical opinion, the Commissioner considers the following factors:

(1) whether the medical source has examined the claimant (with more weight afforded to the opinion of a source who has);

(2) whether the medical source has a treatment relationship with the claimant (with more, if not controlling, weight afforded to the opinion of a treating source);[7]

(3) whether the medical source's opinion is supported (with more weight afforded to well explained opinions supported by diagnostic findings and other relevant evidence);

(4) whether the medical source's opinion is consistent with the record as a whole (with more weight afforded to opinions that are);

(5) whether the medical source is a specialist (with more weight afforded to the opinion of a specialist in the relevant field than to the opinion of a non-specialist); and

(6) whether there are other relevant factors informing the medical source's opinion (with more weight afforded to medical sources who understand the social security disability process and its evidentiary requirements or who

[6] For claims filed on or after March 27, 2017, the Commissioner evaluates medical evidence under 20 C.F.R. § 404.1520c.

[7] This subsection contains what is commonly known as the treating-physician rule, which is not implicated here since Drs. Liu and Quinlan were not treating physicians.

> are familiar with the other information in the claimant's
> case record).

See 20 C.F.R. § 404.1527 (c)(1)-(6); Smith v. Comm'r of Soc. Sec., 351 F. Supp. 3d 270, 279 (W.D.N.Y. 2018).

16.     After considering these factors, the Commissioner must adequately explain the weight afforded to the medical opinions.  See Falbru v. Berryhill, No. 6:17-CV-6314 (MAT), 2018 WL 1553965, at *2 (W.D.N.Y. Mar. 30, 2018) ("Remand is appropriate where an ALJ fails to consider these factors and to adequately explain the weight given to the consultative examiner's opinion."); Hatcher v. Astrue, 802 F. Supp. 2d 472, 476 (W.D.N.Y. 2011) ("The ALJ must then articulate his reasons for assigning the weight that he does to both treating and nontreating physicians' opinions.").  As with other important findings, the Commissioner must explain the weight afforded medical opinions "with sufficient specificity to enable [the reviewing court] to decide whether the determination is supported by substantial evidence."  Ferraris, 728 F.2d at 587.

17.     Here, the ALJ canvassed the medical opinion evidence and explained what weight he afforded each opinion.  (R. at 18-23.)  Plaintiff takes issue with the ALJ affording "great weight" to Dr. Liu's opinion because, in her view, it was stale and silent as to her ability to sit and stand.  Medical opinions, if stale, may not constitute substantial evidence. See Camille v. Colvin, 104 F. Supp. 3d 329, 343 (W.D.N.Y. 2015) (citing Griffith v. Astrue, No. 08-CV-6004 CJS, 2009 WL 909630, at *9 n.9 (W.D.N.Y. July 27, 2009)).  An opinion may be stale if it is based on an incomplete record or does not account for a claimant's deteriorating condition.  See Biro v. Comm'r of Soc. Sec., 335 F. Supp. 3d 464, 469-70 (W.D.N.Y. 2018).  But "a medical opinion is not necessarily stale simply based on its age." Id. at 470.  An older opinion may thus constitute substantial evidence if it is consistent

with the record as a whole.  See id.; see also Andrews v. Berryhill, No. 17-CV-6368 (MAT), 2018 WL 2088064, at *3 (W.D.N.Y. May 4, 2018) (finding that ALJ did not err by relying on older opinions where there was no evidence of significant deterioration in the plaintiff's condition); Camille, 104 F. Supp. 3d at 344 (finding that medical opinion was not impermissibly stale because evidence in the record before and after the opinion demonstrated substantially similar limitations and findings).

18.     Here, Dr. Liu's June 2016 opinion was rendered within the relevant time period, and Plaintiff has failed to demonstrate a subsequent significant deterioration in her condition.  Dr. Liu considered Plaintiff's history of transient ischemic attacks (often referred to as "mini-strokes") and other relevant medical history.  (R. at 392-95.)  After conducting a physical examination and recording his findings, Dr. Liu opined that Plaintiff "ha[d] mild to moderate limitation for prolonged walking, bending, and kneeling."  (R. at 395.)   While Plaintiff continued to report mini-strokes and was diagnosed with polycythemia in 2017, neither resulted in work-prohibiting limitations.  In fact, Plaintiff returned to full-time work as a court officer in 2017, and she continued to work through her retirement in May 2018.  (R. at 40-41.)  Given the lack of significant deterioration, Dr. Liu's opinion is not impermissibly stale.  (See R. at 20 (finding no significant change in medical condition since December 2016)).

19.     This Court is also unconvinced by Plaintiff's argument that the ALJ erroneously relied on Dr. Liu's opinion because it did not opine on her ability to sit or stand.  While Dr. Liu did not specifically address Plaintiff's sit/stand ability, he also did not assess any restrictions in her ability to do either, which is consistent with his physical findings, including no acute distress, normal gait, normal stance, no assistive devices,

able to rise from chair without difficulty, and full range of motion in hips, knees, and ankles. (R. at 393-94.)  Moreover, Plaintiff points to no credited evidence in the record indicating that she is unable to meet the sit/stand requirements for light work.  Richard B. v. Comm'r of Soc. Sec., 1:19-CV-579 (WBC), 2021 WL 22504, at *4 (W.D.N.Y. Jan. 4, 2021) ("Although the ALJ has the responsibility to determine the RFC based on all the evidence in the record, the burden is on the Plaintiff to demonstrate functional limitations that preclude any substantial gainful activity.").   In any event, the record contains other substantial evidence of Plaintiff's ability to sit and stand as required by light work, including most notably Plaintiff's return to work at a light duty job—one that required her to wear a 15-pound bulletproof vest and walk most of the day—for a significant portion of the relevant period, which the ALJ noted.  (R. at 18, 20.)  This Court therefore finds no reversible error in the ALJ's consideration of Dr. Liu's opinion.

20.    Plaintiff next argues that the ALJ erred by affording Dr. Quinlan's opinion "great weight" because the opinion is inconsistent with an ability to perform light work.  Dr. Quinlan opined that Plaintiff could stand or walk at least 2 hours in an 8-hour workday and could sit up to 6 hours in an 8-hour workday.  (R. at 533.)  Under 20 C.F.R. § 404.1567 (b), however, light work involves "a good deal of walking or standing," which has been interpreted to be about 6 hours in an 8-hour workday.  See SSR 83-10.  While Dr. Quinlan's opinion alone may be insufficient to support the ALJ's finding that Plaintiff retains the RFC for light work, it is not the only evidence upon which the ALJ relies.  As noted above, both Dr. Liu's opinion and the evidence concerning Plaintiff's clearance to return to work and her actual return to work at a light duty job for a significant period of time supports the ALJ's RFC determination.  (R. at 18-23.)  As such, any error in relying

on Dr. Quinlan's opinion is harmless.  See Zabala v. Astrue, 595 F. 3d 402, 410 (2d Cir. 2010) (finding remand unwarranted where proper consideration of evidence would not have changed the ALJ's determination).

21.    Finally, Plaintiff argues that the RFC determination is not supported by substantial evidence because it is not supported by any medical opinion evidence.  This argument presumes acceptance of Plaintiff's position that Dr. Liu's opinion does not support the RFC determination, which this Court rejects above.  In any event, medical opinion evidence is just one subset of evidence that the ALJ must consider in reaching an RFC determination.  See 20 C.F.R. § 404.1513 (a)(1)-(5).  While medical opinion evidence is undoubtedly important, it is not error, *per se*, for an ALJ to formulate an RFC in the absence of it, so long as the RFC determination is otherwise supported by the evidence as a whole, as it is here.  See, e.g., Monroe v. Comm'r of Soc. Sec., 676 F. App'x 5, 8-9 (2d Cir. Jan. 18, 2017) (stating that where "the record contains sufficient evidence from which an ALJ can assess the claimant's [RFC], a medical source statement or formal medical opinion is not necessarily required") (quotation marks and citations omitted); Johnson v. Colvin, 669 F. App'x 44, 46-47 (2d Cir. 2016) ("[B]ecause the record contained sufficient other evidence supporting the ALJ's determination and because the ALJ weighed all of that evidence when making his residual functional capacity finding, there was no 'gap' in the record and the ALJ did not rely on his own 'lay opinion.'"); Desirae D. v. Comm'r of Soc. Sec., CASE # 20-cv-54, 2021 WL 2042576, at *4 (W.D.N.Y. May 21, 2021) ("The Second Circuit has rejected plaintiff's argument and held that an RFC may be supported by substantial evidence, even if it does not correspond to any particular medical opinion.") (collecting cases).

22.     As set out above, the ALJ's RFC determination here is the product of his consideration and weighing of Plaintiff's subjective assessment of her physical limitations, her daily activities, the objective medical evidence, and the medical opinion evidence. See 20 C.F.R. § 404.1513 (a)(1)-(5).  As he is required to do, the ALJ properly weighed all of the available evidence to make his RFC determination.  The RFC is also consistent with Dr. Liu's opinion and the record evidence as a whole.  See Richard B., 2021 WL 22504, at *5 (noting that an ALJ must formulate RFC based on the record as a whole).

23.     Accordingly, having reviewed the ALJ's decision in light of Plaintiff's arguments, this Court finds that it is free from legal error and supported by substantial evidence.  It is therefore affirmed.  See Grey, 721 F.2d at 46; Marcus, 615 F.2d at 27. Plaintiff's motion for judgment on the pleadings is denied, and Defendant's motion seeking the same relief is granted.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 10) is DENIED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 12) is GRANTED.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.


Dated:        January 19, 2022
              Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge